**Johnathan Q. NIXON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 87114.**

Missouri Court of Appeals, Eastern District, Division Four.

June 6, 2006.

Mark A. Grothoff, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Roger Johnson, Asst. Attorney General, Jefferson City, MO, for Respondent.

Before NANNETTE A. BAKER, P.J. and ROBERT G. DOWD, JR. and SHERRI B. SULLIVAN, JJ.

### ORDER

PER CURIAM.

Johnathan Nixon (Movant) appeals from the denial of a motion to vacate judgment and sentence under Rule 29.15 without an evidentiary hearing. The conviction sought to be vacated was for one count of assault in the first degree, Section 565.050, RSMo 2000, two counts of kidnapping, Section 565.110, RSMo 2000, one count rob-

bery in the first degree, Section 569.020, RSMo 2000, two counts of armed criminal action, Section 571.015, RSMo 2000, and one count of burglary in the first degree, Section 569.160, RSMo 2000, for which Movant was sentenced, as a prior offender, to consecutive terms of imprisonment of thirty years, fifteen years, fifteen years, thirty years, twenty-five years, twenty-five years, and fifteen years, respectively. On appeal, Movant argues the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because he alleged facts showing (1) trial counsel was ineffective for not presenting evidence that Movant had pennies and dollar bills in his pocket when he was arrested and (2) trial counsel was ineffective for not presenting evidence that a cordless phone matching a phone battery was found in his pocket was not the same phone as that pictured in crime scene photos. We affirm.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. An opinion reciting the detailed facts and restating principles of law would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 84.16(b).